THE STATE OF OHIO, APPELLANT, *v.* TINCHER ET AL., APPELLEES.

(No. CA87-12-029—Decided April 25, 1988.)

*Wilfrid G. Dues,* prosecuting attorney, and *Rebecca J. Ferguson,* for appellant.

*H. Steven Hobbs,* for appellee Tony A. Tincher.

*Stephen R. Bruns,* for appellee Darin K. Palmer.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Preble County.

The state appeals from an entry of the Court of Common Pleas of Preble County that suppressed physical evidence seized during a search, and oral statements that were the fruit of the seizure, by finding the search was conducted in violation of the Fourth Amendment. At the hearing on the motion to suppress, the following facts giving rise to the search were introduced.

On September 5, 1987, defendants-appellees, Tony A. Tincher and Darin K. Palmer, were camping at a campsite in the Hueston Woods State Park in Preble County. At approximately 11:15 p.m., Park Officer Dale Farmer was patrolling the campground on foot and passed by appellees' campsite on his way to investigate a noise complaint at the next campsite.

When Officer Farmer came within fifty feet of appellees' campsite, he noticed that Palmer and Tincher were seated at a picnic table near a small flame. Palmer was rolling a cigarette and had a small plastic bag in front of him on the table. At that point, the officer suspected the substance was marijuana. Officer Farmer next saw Palmer get up from the table and walk over to an automobile. Palmer got in the car and sat in the driver's seat for approximately thirty seconds. He then got out of the car and walked back to the picnic table. Officer Farmer next observed that Palmer lit a cigarette, smoked part of it, and then passed it to Tincher. Tincher smoked part of the cigarette and passed it back to Palmer.

The officer approached the campsite and asked appellees to give him the cigarette. While initially denying they had anything, Palmer then gave the officer the cigarette. After backup officers arrived, Farmer asked appellees where the plastic bag was located. Appellees denied having a bag. Farmer had appellees empty their pockets and searched in the area of the picnic table, but did not find the plastic bag.

While one of the officers watched appellees, Farmer went over to the car, looked inside, and did not see the bag. Farmer next opened the car door and looked under the driver's seat. He pulled out a plastic bag which he believed contained marijuana. Farmer then sat in the driver's seat and reached under the passenger's seat where he found another plastic bag of marijuana. While still in the driver's seat, Farmer noticed a shaving bag lying on the floorboard. He opened up the bag and found a clear plastic tube which contained white powder.

Farmer and Officer Forsthoefel called Tincher and Palmer over to the automobile to identify their belongings. Tincher identified a wallet as his and Palmer identified the shaving bag as belonging to himself. Palmer was advised of his *Miranda* rights and declined to make any oral or written statements.

Officer Forsthoefel then searched Tincher's wallet and found some small plastic bags containing white powder. After Tincher was read his *Miranda* rights, he stated that the white powder was "coke."

The officers issued misdemeanor marijuana citations to Palmer and Tin-

cher that night. The officers also confiscated the plastic tube and plastic bags containing the white powder. Subsequent analysis determined the white powder was cocaine, resulting in the indictment of Tincher and Palmer for drug abuse, a violation of R.C. 2925.11, a fourth degree felony.

After hearing the above testimony, the trial court found the search was illegal and granted the motion to suppress the physical evidence. The court also determined that any statements made by appellees should also be suppressed as being the fruit of an illegal seizure. In a supplemental entry, the court found that no *Miranda* warnings were needed until after appellees' admitted ownership of the items seized. The court therefore stated that, but for the court's previous ruling finding the search and seizure unconstitutional, the statements would be admissible.

The state has appealed and raises as its sole assignment of error that the trial court erred in suppressing the physical evidence and the statements made by appellees. Appellee Tincher has filed a cross-appeal arguing that, if the search is upheld, the trial court erred in finding that *Miranda* warnings were not required until after he admitted ownership of the wallet.

The Fourth Amendment protects a citizen's right to be free from unreasonable searches and seizures. Searches conducted outside the judicial process without a warrant are considered "* * * *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." (Footnotes omitted.) *Katz* v. *United States* (1967), 389 U.S. 347, 357. When a warrantless search has occurred, the state has the burden of establishing the search falls within one of the exceptions to the warrant requirement. *State* v. *Kessler* (1978), 53 Ohio St. 2d 204, 7 O.O. 3d 375, 373 N.E. 2d 1252.

The state contends the search of appellees' automobile falls within the so-called "automobile exception" to the warrant requirement first recognized in *Carroll* v. *United States* (1925), 267 U.S. 132. In *Carroll,* the Supreme Court justified a warrantless search of an automobile which was stopped on the highway because exigent circumstances existed and the police had probable cause to believe contraband was contained in the automobile. In *United States* v. *Ross* (1982), 456 U.S. 798, the Supreme Court expanded the automobile exception by holding that, when a police officer has probable cause to search an entire vehicle, the officer may conduct a warrantless search of every part of the vehicle and its contents, including all movable containers and packages, that could logically conceal the object of the search.

In the case *sub judice,* the state argues the rationale of *United States* v. *Ross* applies to uphold the legality of the search. The state contends that, once the officer found the plastic bag of marijuana that was the reason for his search, the find gave him additional probable cause to search the entire automobile and any containers per *Ross, supra.*

The holding of *Ross* applies, however, only if the officer had probable cause to search the entire automobile. In the case at bar, the officer's attention centered on the plastic bag when he believed it contained marijuana, which was before the bag was placed in the automobile. Probable cause focused on the plastic bag, not on the automobile. The fact that the plastic bag was then placed in the automobile does not turn this case into an "automobile exception" when the relationship between the bag and the automobile was fortuitous. See *United States* v. *Chadwick* (1977), 433 U.S. 1; see, also, *Castleberry* v. *State* (Okla.

Crim. App. 1984), 678 P. 2d 720, affirmed by an equally divided court *sub nom. Oklahoma* v. *Castleberry* (1985), 471 U.S. 146.

The other exceptions to the warrant requirement are also not applicable. No exigent circumstances existed, the cocaine was not in plain view of the officer, and the search was not incident to an arrest.

Therefore, because the search of appellees' automobile did not fall within any of the well-defined exceptions to the Fourth Amendment warrant requirement, the trial court properly suppressed the physical evidence of the search as well as any statements stemming from the search and seizure. Accordingly, appellant's sole assignment of error is overruled.

Because of our ruling on appellant's assignment of error, appellee Tincher's cross-assignment of error is moot and overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.