Curtis Coonrod appeals his conviction in the Ross County Court of Common Pleas for possession of drugs, in violation of R.C. 2925.11. Coonrod asserts that the trial court erred in overruling his motion to suppress evidence. We disagree, because the record contains competent, credible evidence supporting the trial court's findings of fact, the police officers pointed to specific, articulable facts which justified their reasonable suspicion of criminal activity, and the officers had probable cause to search Coonrod's car.
Accordingly, we affirm the judgment of the trial court.
 I.
On April 11, 1997, the Ross County Grand Jury indicted Coonrod with one count of possession of drugs, in violation of R.C. 2925.11. Coonrod entered a plea of not guilty and moved to suppress evidence found in a search of his vehicle.
At the suppression hearing, Deputy Lavender of the Ross County Sheriff's Department ("RCSD") testified that he received a dispatch report that the City of Chillicothe Police Department ("CCPD") wanted to question Coonrod about a domestic violence incident. The dispatch specified that Coonrod was driving a red Eagle Summit and was in the area of Western Hills using a pay phone. Deputy Lavender went to the Western Hills area where he observed a red Eagle Summit parked near a phone booth and a man walking toward the vehicle. When Deputy Lavender approached the man, he identified himself as Coonrod and told Deputy Lavender that he wanted to file a complaint against his wife for assaulting him. Deputy Lavender testified that he told Coonrod that CCPD officers would arrive shortly to take his statement. Fearful for Coonrod's safety due to heavy traffic, Deputy Lavender testified that he patted down Coonrod and placed him in the back of his cruiser.
Shortly thereafter, Captain Keener of the RCSD arrived and told Deputy Lavender that Coonrod's wife, Chastity, told the CCPD that Coonrod had drugs hidden in the steering wheel column of his car the previous day. Officers Ater, Morris, and Hartley of the CCPD arrived on the scene. While Officers Ater and Morris questioned Coonrod about the alleged domestic violence incident, Officer Hartley and a drug-sniffing dog went around Coonrod's car several times. The dog indicated that it detected drugs in Coonrod's car. Detective Cunningham of the CCPD searched Coonrod's car and found cocaine in a compartment near the steering column. Officers Ater and Morris finished taking Coonrod's statement and issued him a citation for disorderly conduct. Officer Lavender then placed Coonrod under arrest for possession of cocaine.
The trial court overruled Coonrod's motion to suppress. In its decision, the trial court found that Deputy Lavender's initial detention of Coonrod was justified and did not exceed its justifiable scope. The trial court noted that Deputy Lavender received a dispatch that the CCPD wanted to question Coonrod regarding a domestic violence incident. Coonrod's physical appearance and his car matched the description in the dispatch and the CCPD wanted to question Coonrod about domestic violence, a violent crime. When approached by Deputy Lavender, Coonrod voluntarily identified himself and asked to file domestic violence charges against his wife. Furthermore, the court found that the dog sniff did not constitute a search protected under the Fourth Amendment, pursuant to State v.French (1995), 104 Ohio App.3d 740. The court concluded that based on the information provided by Coonrod's wife and the dog sniff, the officers had probable cause to search Coonrod's car for drugs.
Coonrod entered a plea of no contest and the trial court found Coonrod guilty as charged. Coonrod appeals his conviction, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.
 II.
Coonrod argues that the trial court erred in overruling his motion to suppress because the state failed to prove that Officer Lavender's initial stop was based upon an objective reasonable suspicion. The state argues that Deputy Lavender's detainment of Coonrod was reasonable and that the deputy had probable cause to search Coonrod's car.
Appellate review of a decision on a motion to suppress presents mixed questions of law and fact. State v. McNamara
(Dec. 23, 1997), Athens App. No. 97 CA 16, unreported, citingUnited States v. Martinez (C.A.11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Carter (1995), 72 Ohio St.3d 545, 552. A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592. We then independently apply the factual findings to the law regarding suppression of evidence. State v.Anderson (1995), 100 Ohio App.3d 688, 691.
The Fourth and Fourteenth Amendments to the United States Constitution as well as Section 14, Article I of the Ohio Constitution, provide for "[t]he right of the people to be secure * * * against unreasonable searches and seizures * * *." Searches and seizures conducted without a prior finding of probable cause by a judge or magistrate are per se unreasonable under the Fourth Amendment, subject to only a few specifically established and well-delineated exceptions. California v.Acevedo (1991), 500 U.S. 565; State v. Tincher (1988), 47 Ohio App.3d 188. The state carries the burden of proving that a warrantless search or seizure is constitutionally permissible.Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph two of the syllabus. If evidence is obtained through actions which violate an accused's Fourth Amendment rights, exclusion of the evidence at trial is mandated. Mapp v. Ohio (1961),367 U.S. 643.
Pursuant to Terry v. Ohio, (1968), 392 U.S. 1, a police officer may briefly detain an individual in order to investigate suspicious behavior if the officer can point to specific, articulable facts which, taken together with rational inferences from those facts, reasonably warrant the detainment. An investigative stop must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Florida v.Royer (1983), 460 U.S. 491. However, "[t]he Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to simply shrug his shoulders and allow a crime to occur or a criminal to escape."Adams v. Williams (1972), 407 U.S. 143, 145-146; State v. Hart
(1988), 61 Ohio App.3d 37, 40-41. Rather, if during the initial stop the officer observes articulable facts which continue to give rise to a reasonable suspicion of criminal activity, the officer may further detain the individual and conduct a more thorough investigation. State v. Robinette (1997), 80 Ohio St.3d 234,241; State v. Eggleston (1996), 109 Ohio App.3d 217.
Coonrod argues that the state failed to meet its burden of showing that Coonrod voluntarily consented to his detainment by Deputy Lavender because the record contains conflicting evidence as to whether Coonrod requested to file a domestic violence complaint against his wife. Specifically, Coonrod asserts that although Deputy Lavender testified that Coonrod made such a request, Officer Morris, who took Coonrod's statement, testified that he did not hear Coonrod make any such request. As such, Coonrod asserts that since he did not consent to sit in the back of the cruiser, his detainment, and the subsequent search of his car were unreasonable under theFourth Amendment.
Deputy Lavender testified that when he approached Coonrod, he identified himself and indicated that he wanted to file a domestic violence complaint against his wife. Officer Morris did not arrive on the scene until after Coonrod made the statement that he wanted to file the complaint. Therefore, we find competent, credible evidence to support a factual finding that Coonrod requested to file a domestic violence complaint against his wife.
We must next determine whether Coonrod consented to sit in the back of Deputy Lavender's cruiser. The state bears the burden of showing that a suspect voluntarily consented to be detained. Florida v. Royer (1983), 460 U.S. 491; State v.Robinette, 80 Ohio St.3d at paragraph two of the syllabus. The totality of the circumstances must indicate that a reasonable person would believe that he could refuse to answer questions and could in fact leave. State v. Robinette, 80 Ohio St.3d at paragraph three of the syllabus.
After Coonrod requested to file a complaint against his wife, Deputy Lavender patted down Coonrod and placed him in the back of the cruiser. While Deputy Lavender testified that he placed Coonrod in the cruiser for his own safety, we find that this testimony is insufficient to show that a reasonable person in Coonrod's position would have believed that he was free to leave. Police cruisers are designed to detain persons, often lacking door handles in the back seat. Furthermore, by patting down Coonrod before placing him in the cruiser, Deputy Lavender treated Coonrod as the police would pursuant to aTerry-type stop, not pursuant to the voluntary act of filing a complaint. Therefore, we must decide whether Deputy Lavender testified to specific, articulable facts which would justify his reasonable suspicion that Coonrod was engaged in criminal activity.
Deputy Lavender testified that he received a detailed dispatch directing him to go to a specific area and stop Coonrod, who the CCPD wanted to question regarding domestic violence allegations. Upon arriving in the area, Deputy Lavender observed an individual matching the description in the dispatch. When Deputy Lavender approached the individual, he identified himself as Coonrod and stated that he wanted to file a domestic violence complaint against his wife. Based upon these specific, articulable facts, Deputy Lavender had an objective, reasonable suspicion that Coonrod had committed a crime.
The automobile exception to the warrant requirement permits the warrantless search of an automobile if the search is supported by probable cause. Acevedo, supra at 589. Probable cause for a search is present when the totality of circumstances make it fairly probable that particularly described evidence of a crime will be found. Illinois v. Gates
(1983), 462 U.S. 213, 238.
Coonrod's wife informed the CCPD that Coonrod had cocaine in the steering column of his car the previous day. When the CCPD arrived to question Coonrod about the domestic violence, they brought a drug-sniffing dog. The dog indicated the presence of drugs in the car. As properly noted by the trial court, a dog sniff does not constitute a search protected by theFourth Amendment. See United States v. Place (1983), 462 U.S. 696. The information provided by Coonrod's wife combined with the dog's reaction to its sniff of the car established a fair probability that cocaine was in the steering column of Coonrod's car. We find, therefore, that the state met its burden of showing that the officers had probable cause to search Coonrod's car.
Accordingly, we overrule Coonrod's only assignment of error and affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Stephenson, P.J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: --------------------- Roger L. Kline, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.