DECISION AND JUDGMENT ENTRY
Jonathan Chambers appeals from a judgment of conviction entered by the Athens Municipal Court finding him guilty of possessing alcohol while under the age of twenty-one, in violation of R.C.4301.632, and possessing an open container of alcohol, in violation of R.C. 4301.62. Chambers asserts the trial court erred in overruling his motion to suppress the contents of the plastic cup that Agent Byron Guinther of the Ohio Department of Public Safety seized from him. We disagree, because Chambers did not possess a legitimate expectation of privacy in the drink. Chambers also asserts that he did not receive effective assistance of counsel, because his counsel failed to object to hearsay testimony establishing Chambers' age. We disagree, because we find that Chambers' trial counsel's actions might reasonably be considered effective trial strategy. Accordingly, we sustain the judgment of the trial court.
 I.
Guinther, an eight-year veteran of the Ohio Department of Public Safety, patrols the Shrouds Run State Park in Athens, Ohio and enforces liquor control laws. On May 15, 1998, an elderly couple approached Guinther, pointed toward Chambers and his two friends, and advised Guinther that they were yelling, swearing, and behaving as if they were intoxicated. Guinther observed Chambers and his friends for a few minutes. Each of the three had a blue plastic cup, and Guinther saw Chambers drink from his cup.
As Guinther approached the group, he noticed that Chambers looked very young. Guinther also noticed that the individuals had a fishing pole, but were making much more noise than people normally make while fishing. Because Guinther was dressed in plain clothes, he immediately identified himself as a liquor control agent when he reached the group. As soon as Guinther introduced himself, Chambers set down his drink as if he wanted to disclaim it.
Guinther proceeded to question the individuals, and noticed an odor of alcohol coming from Chambers' drink. Chambers stuttered and avoided eye contact with Guinther; nervous behavior that, in Guinther's experience, typifies an underage individual caught with alcohol. Guinther asked Chambers for permission to search his cooler, and Chambers declined. Guinther then asked Chambers to state his age, and Chambers indicated that he was under the age of twenty-one. Once Guinther learned that Chambers was under twenty-one, he confiscated Chambers' drink and issued a summons. At some point during this encounter, Guinther recited the Miranda
warnings. After issuing the summons, Guinther opened the cooler and discovered that it contained a bottle of vodka.
Chambers appeared before the Athens Municipal Court on charges of underage consumption, a first-degree misdemeanor, in violation of R.C. 4301.632, and open container, a minor misdemeanor, in violation of R.C. 4301.62. Chambers moved to suppress the contents of his drink and the cooler. The trial court held a hearing on the motion, and determined that Guinther exceeded the scope of his authority by searching Chambers cooler without consent or a search warrant. The trial court ruled that the drink and its contents were admissible because they were in Guinther's plain view.
At Chambers' bench trial, Guinther testified that he could not recall whether Chambers produced his driver' s license at the park. Guinther recalled, however, that Chambers provided his social security number, and Guinther verified Chambers' age through the Ohio State Highway Patrol's LEADS database. Chambers' counsel did not object to this testimony. Mr. Kokrady, a chemist with the Department of Public Safety, testified that the contents of Chambers' drink included alcohol.
The trial court found Chambers guilty of both charges and sentenced Chambers accordingly. Chambers timely filed this appeal, asserting the following assignments of error:
 I. The trial court erred in denying Appellant's motion to suppress evidence seized during an unlawful detention, search and arrest in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution.
 II. Appellant was denied effective assistance of counsel in violation of Ohio and federal constitutional rights, when trial counsel failed to object to hearsay testimony establishing an essential and otherwise unproven element of the underage possession offense.
 II.
In his first assignment of error, Chambers asserts that the trial court erred by overruling his motion to suppress the contents of the drink. Chambers sets forth two arguments in support of his first assignment of error. First, Chambers asserts that Guinther unlawfully detained him when Guinther approached and questioned him. Second, Chambers asserts that Guinther performed an illegal search and seizure when he took Chambers' drink. Specifically, Chambers asserts that the trial court erred in its conclusion that Guinther lawfully seized the drink pursuant to the plain view exception to the warrant requirement.
Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. United States v.Martinez (C.A.11 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Carter (1995), 72 Ohio St.3d 545,552. A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. The appellate court then applies the factual findings to the law regarding suppression of evidence. An appellate court reviews the trial court's application of the law to those facts under the de novo standard of review. State v. Anderson (1995), 100 Ohio App.3d 688,691.
The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide for "[t]he right of the people to be secure * * * against unreasonable searches and seizures * * *." Searches and seizures conducted without a prior finding of probable cause by a judge or magistrate are per se unreasonable under the Fourth Amendment, subject to only a few specifically established and well-delineated exceptions. California v. Acevedo (1991), 500 U.S. 565; Statev. Tincher (1988), 47 Ohio App.3d 188. If evidence is obtained through actions that violate an accused'sFourth Amendment rights, exclusion of the evidence at trial is mandated.Mapp v. Ohio (1961), 367 U.S. 643.
 A.
Chambers asserts that Guinther violated his right to be free from unreasonable search and seizure by detaining him without a reasonable articulable suspicion that he committed a crime. The state contends that Guinther did not detain Chambers and that, in any event, Guinther did possess a reasonable articulable suspicion that Chambers was engaged in underage consumption of alcohol.
Not every encounter between a citizen and a law enforcement official implicates the state and federal prohibition on unreasonable searches and seizures. California v. Hodari D.
(1991), 499 U.S. 621; State v. Taylor (1995), 106 Ohio App.3d 741. The United States Supreme Court has created three categories of police-citizen contact to identify the separate situations where constitutional guarantees are implicated: (1) consensual encounters, (2) investigative or "Terry" stops, and (3) arrests. See Florida v. Royer (1982), 460 U.S. 491, 501-507; UnitedStates v. Mendenhell (1900), 446 U.S. 544, 553; Lyndhurst v.Sadowski (Sept. 2, 1999), Cuyahoga App. No. 74313, unreported.
Police may lawfully initiate a consensual encounter without probable cause or a reasonable, articulable suspicion of criminal activity. Mendenhall at 556. Encounters between the police and the public are consensual when the police approach an individual in a public place, engage the person in conversation, and request information, as long as the person is free to walk away. SeeMendenhall at 554; State v. Jones (1996),112 Ohio App.3d 206, 211. An officer's request to examine a person's identification or search his or her belongings does not render an encounter non-consensual; nor does the officer's neglect to inform the individual that he is free to walk away. See Florida v. Rodriguez
(1904), 469 U.S. 1; Florida v. Bostick (1991), 501 U.S. 429; Jones at 211-213.
A "seizure" giving rise to Fourth Amendment concerns occurs only when, in view of all the circumstances surrounding the incident, the police officer, either by physical force or by show of authority, restrains the person's liberty so that a reasonable person would not feel free to decline the officer's request and walk away. State v. Williams (1990), 51 Ohio St.3d 58, 61;Jones at 211. Factors suggesting that a seizure has occurred include the presence of multiple police officers, the displaying of a weapon by the police, the use of language suggesting that compliance with police requests is compelled, and the physical touching of the person. Mendanhall at 554; Jones at 211.
The encounter in this case took place in a public park and included Guinther, Chambers, and Chambers' two friends. Guinther was dressed in plain clothes and did not display a weapon. Guinther did not touch Chambers or threaten to do so. While Guinther identified himself to Chambers as a liquor control agent, he did not use language suggesting that Chambers was compelled to comply with his requests. Nor did Chambers behave as if he believed Guinther could compel him to cooperate. To the contrary, Chambers refused Guinther's request to look inside the cooler. Based upon these facts, we find that Guinther's initial contact and conversation with Chambers was a consensual encounter. Consequently, we need not determine whether Guinther possessed a reasonable, articulable suspicion that Chambers was committing a crime.
We overrule the first portion of Chambers' first assignment of error.
 B.
Chambers also asserts that Guinther violated his right to be free from unreasonable search and seizure when Guinther seized his drink without a warrant. The state asserts that Guinther legally seized the drink pursuant to the plain view exception to the warrant requirement.
The Fourth and Fourteenth Amendments to the United States Constitution as well as Section 14, Article I of the Ohio Constitution prohibit any unreasonable governmental intrusion into areas where a person possesses a legitimate expectation of privacy. State v. Claytor (1993), 85 Ohio App.3d 623, 627, citingUnited States v. Chadwick (1977), 433 U.S. 1. However, "[a]s a general rule, one does not have a reasonable expectation of privacy in common or public areas." State v. Lang (1996),117 Ohio App.3d 29, 34, quoting Claytor at 633 (Harsha, P.J., concurring). Rather, in any area in which others have access, "the accused assumes the risk that the others will observe the items left in open view." Id. at 34.
Two lines of cases have developed within the purview of the plain view exception to the warrant requirement. Lang at 34;State v. Harris (1994), 98 Ohio App.3d 543, 546. The first line involves police discovery of contraband in the course of a search for other evidence within a constitutionally protected area. Lang
at 34; Harris at 546. Items found in the course of such a search, though not the legitimate objectives of the search, may be seized as long as (1) the initial intrusion was valid; (2) discovery of the object was inadvertent; and (3) the incriminating nature of the object is immediately apparent. Coolidge v. New Hampshire
(1971), 403 U.S. 443; c.f. Horton. v. California (1990),496 U.S. 128.
Under the second line of cases, "plain view" describes situations in which the police observe contraband without making any intrusion into an area where the person possesses a legitimate expectation of privacy. Lang at 35; Harris
at 547. When an officer observes an individual holding an object in a public place, the officer has not conducted a search by observing the object because "the plain view character of the situation * * * means that the observation is lawful without * * * probable cause or * * * a warrant." Lang at 35 and Harris
at 547, each citing 1 LaFave, Search and Seizure (2 Ed.1987) 321-322, Section 2.2 (a). This type of plain view, sometimes called "open view," is distinct from traditional plain view cases in that the "open view" cases do not even implicate theFourth Amendment and Section 14, Article I right to privacy. Id.
The incriminating nature of an object in plain or open view must be readily apparent to police before they may seize the object. Horton v. California (1990), 496 U.S. 128, 136;State v. Woods (1996), 113 Ohio App.3d 240, 243. However, police need not possess near certainty that the object constitutes contraband. Rather, police may seize the object if they possess probable cause to associate the object with criminal activity.Texas v. Brown (1983), 460 U.S. 730, 741-743; Westlakev. Hoddinott (Mar. 2, 1995), Cuyahoga App. No. 67007, unreported (On driving under the influence of alcohol charge, incriminating nature of open, dark colored bottle in defendant's vehicle was immediately apparent to officer); Katz, Ohio Search and Seizure (1999) 247-248, Section 13.6.
Odors may constitute evidence "sufficient to constitute probable grounds for any search" and, in fact, may be "evidence of most persuasive character." Johnson v. United States (1948),333 U.S. 10, 13. The odor of marijuana may help provide probable cause for a warrantless search, particularly when detected by an experienced police officer. State v. Garcia (1986), 32 Ohio App.3d 38,39; State v. Bird (Dec. 31, 1992), Washington App. No. 92CA2, unreported (trained officer's detection of the odor of marijuana upon approaching the van alone provided the requisite probable cause for the search of appellant's person); but, see,State v. Younts (1993), 92 Ohio App.3d 708, 712 (the odor of marijuana, without more, does not provide requisite probable cause to search)
In this case, Guinther approached Chambers in a state park. Like Guinther's approach and questioning of Chambers, Guinther's observation of Chambers' drink did not constitute an invasion in an area where Chambers possessed a legitimate expectation of privacy. Rather, Guinther observed the drink in plain, open view. As part of his observation, Guinther smelled alcohol in the drink. Chambers did not possess a legitimate expectation of privacy in the appearance or the smell of his drink. Thus, Guinther did not conduct a search by observing Chambers' drink.
Upon observing Chambers' drink, Guinther immediately possessed probable cause to associate the drink with a criminal activity. Guinther smelled alcohol in the drink. Additionally, Guinther noticed that Chambers set his drink down, as if to disclaim it, immediately upon Guinther's approach. Chambers stuttered and avoided eye contact with Guinther, but was loud and rowdy before he saw Guinther. In Guinther's experience, such behaviors are characteristic of underage drinkers. Based upon these facts, we find that Guinther possessed probable cause to associate the drink, which Chambers held in open view, with criminal activity. Therefore, Guinther legally seized Chambers' drink.
Accordingly, we overrule Chambers' first assignment of error.
 III.
In his second assignment of error, Chambers asserts that he did not receive effective assistance of counsel in the trial court. Specifically, Chambers complains that the state presented hearsay testimony to establish his age, and that his counsel failed to object to that testimony. Chambers reasons that, had his counsel objected, he would have been entitled to acquittal based upon the state's failure to establish an essential element of the crime, the element of being under the age of twenty-one.
In State v. Ballew (1996), 76 Ohio St.3d 244, 255, the Ohio Supreme Court stated the following:
 Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687.
As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.
In this case, Guinther testified at the hearing on Chambers' motion to suppress that Chambers admitted to Guinther that he was under the age of twenty-one. However, at trial, Guinther merely testified that, after learning Chambers' age, he verified the age through the Ohio State Highway Patrol's LEADS database. Chambers is correct in his assertion that Guinther's trial testimony merely provided hearsay testimony as to Chambers' age. However, Chambers' trial counsel was presumably aware of Guinther's previous testimony that Chambers admitted his age. Knowing that the state was readily capable of producing evidence of Chambers' age, trial counsel may have reasonably believed that an objection would, at best, cause delay and repetition regarding an issue not truly contested. Thus, we find that, under the circumstances, trial counsel's failure to object might be considered sound trial strategy.
Accordingly, we overrule Chambers' second assignment of error.
 IV.
In conclusion, we find that the trial court did not err by denying Chambers' motion to suppress the drink Guinther seized. Additionally, we find that Chambers received effective assistance of counsel at trial. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGEMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.