DECISION AND JUDGMENT ENTRY
The State of Ohio appeals from the determination of the Athens County Municipal Court granting Jason C. Fleeman's motion to suppress. The state contends that the trial court erred in finding that law enforcement officers detained Fleeman and that the detention was unlawful under Terryv. Ohio. Because the trial court did not apply the correct legal standard in evaluating whether the officers detained Fleeman, we agree. Accordingly, we sustain the state's assignment of error and reverse the judgment of the trial court.
 I.
On May 13, 2000, Agent James Eliason of the Ohio Department of Public Safety observed Fleeman and two or three others walking on a public sidewalk. Neither Fleeman nor his companions were behaving in a disorderly manner, but all held plastic cups.
Agent Eliason and two or three other agents crossed the street to meet Fleeman and his companions. The agents were dressed in plain clothes, so they immediately identified themselves as police officers. Agent Eliason asked Fleeman his age, and Fleeman replied that he was twenty-one. Agent Eliason then asked to see Fleeman's identification, but Fleeman replied that he had no identification with him.
Agent Eliason informed Fleeman that he could verify Fleeman's age through the Ohio State Highway Patrol's LEADS database. After that, Fleeman admitted that he was only twenty years old. Observing that Fleeman's cup contained a foamy, amber colored liquid, Agent Eliason placed Fleeman under arrest and seized his cup.
Fleeman filed a motion to suppress the contents of his cup and his statements to Agent Eliason. Following an evidentiary hearing, the trial court granted the motion to suppress, finding that Agent Eliason stopped Fleeman without a reasonable, articulable suspicion that Fleeman was engaged in criminal activity. The state appeals, asserting the following assignment of error:
 The trial court erred in granting appellee's motion to suppress.
 II.
The state asserts that the trial court erred by granting Fleeman's motion to suppress because the contact between Fleeman and Agent Eliason was a consensual encounter, not a detention giving rise to the need for reasonable, articulable suspicion. Fleeman contends that the trial court correctly determined that Agent Eliason detained him without a reasonable, articulable suspicion of criminal activity.
Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. United States v. Martinez
(C.A.11 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility.State v. Carter (1995), 72 Ohio St.3d 545, 552. A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. The appellate court then applies the factual findings to the law regarding suppression of evidence. An appellate court reviews the trial court's application of the law to those facts under thede novo standard of review. State v. Anderson (1995), 100 Ohio App.3d 688,691.
The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide for "[t]he right of the people to be secure * * * against unreasonable searches and seizures * * *." Searches and seizures conducted without a prior finding of probable cause by a judge or magistrate are per se unreasonable under theFourth Amendment, subject to only a few specifically established and well-delineated exceptions. California v. Acevedo (1991), 500 U.S. 565;State v. Tincher (1988), 47 Ohio App.3d 188. If evidence is obtained through actions that violate an accused's Fourth Amendment rights, exclusion of the evidence at trial is mandated. Mapp v. Ohio (1961),367 U.S. 643.
Not every encounter between a citizen and a law enforcement official implicates the state and federal prohibition on unreasonable searches and seizures. California v. Hodari D. (1991), 499 U.S. 621; State v. Taylor
(1995), 106 Ohio App.3d 741. The United States Supreme Court has created three categories of police-citizen contact to identify the separate situations where constitutional guarantees are implicated: (1) consensual encounters, (2) investigative or "Terry" stops, and (3) arrests. SeeFlorida v. Royer (1982), 460 U.S. 491, 501-507; United States v.Mendenhall (1980), 446 U.S. 544, 553; Lyndhurst v. Sadowski (Sept. 2, 1999), Cuyahoga App. No. 74313, unreported.
Police may lawfully initiate a consensual encounter without probable cause or a reasonable, articulable suspicion of criminal activity.Mendenhall at 556. Encounters between the police and the public are consensual when the police approach an individual in a public place, engage the person in conversation, and request information, as long as the person is free to walk away. See Mendenhall at 554; State v. Jones
(1996), 112 Ohio App.3d 206, 211. An officer's request to examine a person's identification or search his or her belongings does not render an encounter non-consensual; nor does the officer's neglect to inform the individual that he is free to walk away. See Florida v. Rodriguez
(1984), 469 U.S. 1; Florida v. Bostick (1991), 501 U.S. 429; Jones at 211-213.
A "seizure" giving rise to Fourth Amendment concerns occurs only when, in view of all the circumstances surrounding the incident, the police officer, either by physical force or by show of authority, restrains the person's liberty so that a reasonable person would not feel free to decline the officer's request and walk away. State v. Williams (1990),51 Ohio St.3d 58, 61; Jones at 211. This "reasonable person" test is based upon the state of mind of an innocent person, not a person engaged in criminal activity. Bostick at 438. Factors suggesting that a seizure has occurred include the presence of multiple police officers, the displaying of a weapon by the police, the use of language suggesting that compliance with police requests is compelled, and the physical touching of the person. Mendenhall at 554; Jones at 211.
In announcing its decision, the trial court stated, "at the point that the agent identifies himself as a police officer he has to have the reasonable and articulable suspicion." However, it is well settled that a police officer may approach an individual, identify himself, ask for identification, and engage in conversation as part of a consensual encounter. Bostick at 439; Mendenhall at 554; Jones at 211. Thus, the trial court erred as a matter of law when it articulated the legal standard for determining whether a consensual encounter or a stop occurred in this case. Instead, the trial court should have evaluated the encounter to determine whether a reasonable person in Fleeman's situation would have felt free to walk away from Agent Eliason. Mendenhall at 554;Willaims at 61. Accordingly, we remand this case to the trial court to make that determination and render a decision on Fleeman's motion to suppress in view of that determination.
In sum, we sustain the state's assignment of error, reverse the judgment of the trial court, and remand this case for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________________ Roger L. Kline, Presiding Judge
Evans, J.: Concurs in Judgment Only, Abele, P.J.: Dissents with Attached Dissenting Opinion.