OPINION
{¶ 1} This matter is before us pursuant to our decision and entry dated March 16, 2007, granting Defendant-Appellant's App. R. 26(B) application to reopen his appeal on a claim of *Page 2 
ineffective assistance of appellate counsel. We found that Defendant-Appellant's counsel was ineffective for failing to argue ineffective assistance of Defendant's trial counsel, based on trial counsel's failure to object to certain hearsay testimony. New appellate counsel was appointed to prosecute that claim.
 {¶ 2} Newly appointed counsel filed a brief on June 13, 2007, but failed to argue the hearsay question. Defendant moved to strike the brief and to be allowed to proceed pro se. We granted that motion on August 16, 2007. The case is now before us on a brief Defendant filed on September 13, 2007, and the error assigned therein.
FIRST ASSIGNMENT OF ERROR
 {¶ 3} "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE TO THE SIGNIFICANT PREJUDICE OF APPELLANT, WHEN HE FAILED TO OBJECT TO THE ADMISSION OF INADMISSIBLE HEARSAY TESTIMONY DURING TRIAL."
 {¶ 4} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient *Page 3 
performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial likely would have been different. Id.; State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 5} Defendant was charged with and convicted of one count of carrying concealed weapons, R.C. 2923.12, one count of having weapons while under a disability, R.C. 2923.13(A)(3), one count of possession of heroin, R.C. 2925.11, and one count of possession of crack cocaine, R.C. 2925.11. Those charges arose from an incident on July 22, 2004, when Springfield police officers Thomas Selner and Jason Via spotted a vehicle that had been reported as stolen parked at a gas station.
 {¶ 6} Officer Selner testified at trial about the circumstances surrounding his discovery of the stolen vehicle. Defendant was the front seat passenger in that vehicle. The driver, Defendant's female companion, was inside the station purchasing items when police approached the vehicle. When police questioned Defendant, he told them he had a loaded handgun in his waistband. Defendant was arrested. Officers seized the gun and $1,245 in cash they found on Defendant's person in a search incident to his arrest. A search of the vehicle's closed but unlocked glove box, which was directly in front of Defendant as he sat in the passenger seat, produced *Page 4 
crack cocaine and heroin inside a cigarette pack. That gave rise to the two felony drug possession charges. When Defendant's female companion emerged from the gas station, she too was arrested by police.
 {¶ 7} Officer Selner testified about his interaction with the female driver as follows:
 {¶ 8} "[S]he admitted she was driving. When we talked to her, she said that Mr. Holloway arrived at her house with the car, told her to drive him to the gas station to get some items; and when they got done buying the items to go back to her house on East Euclid, and he was going to drop her off and he was going to take the car and go to Dayton." (T. 117)
 {¶ 9} Defense counsel did not object to Officer Selner's testimony. Defendant argues that his counsel's failure to object constituted deficient performance because that testimony was inadmissible hearsay. We agree. Evid. R. 801(C), 802. Defendant further argues that he was prejudiced by the admission of this hearsay evidence because it permitted an inference that Defendant exercised dominion and control over the vehicle and the drugs found in the vehicle's glove box, and that he therefore constructively possessed those drugs.
 {¶ 10} R.C. 2925.01(K), which is applicable to charges of *Page 5 
drug possession, states:
 {¶ 11} "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 12} On this record, and absent Officer Selner's testimony, there is no evidence that Defendant possessed the drugs found in the vehicle's glove box, other than by inference because of Defendant's access to them. However, that mere access does not demonstrate that Defendant possessed those drugs. R.C. 2925.01(K). Therefore, Defendant was prejudiced by Officer Selner's inadmissible hearsay evidence.
 {¶ 13} The State argues that defense counsel's failure to object to Office Selner's hearsay testimony was not a "serious error," and may have been a tactical decision on counsel's part. The State does not identify what possible legitimate strategy or tactic that may have been. We reject such a suggestion in this case in light of the vital and weighty role Officer Selner's hearsay testimony played in establishing a nexus between Defendant and the vehicle in which the illegal drugs were found. *Page 6 
 {¶ 14} Defendant has demonstrated that his counsel performed deficiently in failing to object to Officer Selner's hearsay testimony and that he suffered prejudice as a result of counsel's deficient performance; that is, were it not for counsel's errors, there is a reasonable probability that Defendant would have been acquitted of the drug possession charges of which he was convicted. Strickland v.Washington. Ineffective assistance of trial counsel has therefore been established.
 {¶ 15} Defendant's assignment of error is sustained. Defendant's conviction and sentence on the two drug possession offenses in Case No. 2004-CR-586 will be reversed and vacated.
Otherwise, Defendant's other convictions and sentences are affirmed. This matter will be remanded to the trial court for further proceedings consistent with this opinion.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1