[Cite as *State v. Holloway*, 2013-Ohio-4400.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2010-CA-63 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 04-CR-527 |
| v. | : | 04-CR-586 |
| | : | |
| AKEYINDE HOLLOWAY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of October, 2013.

. . . . . . . . . . .

DAVID A. WILSON, Atty. Reg. #0073767, by LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, Post Office Box 1608, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

JEREMY M. TOMB, Atty. Reg. #0079664, Klein, Tomb & Eberly, LLP, 124 West Main Street, Troy, Ohio 45373
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}     Defendant-appellant Akeyinde Holloway appeals from his conviction and

sentence for Possession of Crack Cocaine, Trafficking in Crack Cocaine, Carrying Concealed Weapons, Having Weapons Under Disability, and Possession of Heroin. He contends that the trial court erred by failing to merge the charges of Possession of, and Trafficking in, Crack Cocaine for purposes of sentencing. He further contends that the trial court abused its discretion in sentencing him to consecutive prison terms. He argues that he was denied his right to effective assistance of counsel and asks that we reverse and amend his sentence without sending the matter back to the trial court.

{¶ 2}    We conclude, as conceded by the State, that the trial court did err in failing to merge the Crack Cocaine charges for purposes of sentencing. We also conclude that the trial court did not abuse its discretion in imposing consecutive sentences. We further conclude that the record reflects that although trial counsel was unfamiliar with the case at the time Holloway was re-sentenced on remand, counsel's lack of familiarity with the case did not likely adversely affect the outcome of the sentencing hearing. Finally, we decline to amend Holloway's prison sentence; this cause shall be remanded for the State to elect which conviction, Trafficking in Crack Cocaine or Possession of Crack Cocaine, shall survive merger, and for the trial court to sentence on the surviving conviction.

## I.    The Course of Proceedings

{¶ 3}    In 2004, in Case No. 2004-CR-527, Holloway was indicted for, and convicted of, one count of Trafficking in Crack Cocaine, one count of Possession of Crack Cocaine and one count of Possession of Heroin. In Case No. 2004-CR-586, Holloway was indicted for, and convicted of, one count of Carrying Concealed Weapons, one count of Having Weapons While

Under a Disability, one count of Possession of Heroin and one count of Possession of Crack Cocaine.

{¶ 4}    In Case No. 04-CR-527, Holloway was sentenced to a prison term of 4 years on Count I, Trafficking in Crack Cocaine, 7 years on Count II, Possession of Crack Cocaine and 18 months on Count III, Possession of Heroin.   The sentences of 4 and 7 years were ordered to run concurrently with one other and consecutively with the 18-month sentence.   In Case No. 04-CR-586, Holloway was sentenced to 17 months on Count I, Carrying a Concealed Weapon, 11 months on Count II, Having Weapons While Under a Disability, 17 months on Count III, Possession of Heroin, and 11 months on Count IV, Possession of Crack Cocaine.   The first two sentences of 17 months and 11 months were ordered to run concurrently with one another, and consecutively to the second two sentences of 17 months and 11 months.   The sentences in the two cases were ordered to run consecutively to each other.

{¶ 5}    Holloway appealed, and counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel stated that no meritorious issue could be identified for appellate review.   *State v. Holloway*, 2d Dist. Clark No. 04CA0070, 2006-Ohio-4797, ¶ 1 (*Holloway I*).   This court identified a potential reversible error and appointed new counsel to brief the issue of whether the warrantless search of Holloway's hotel room that resulted in the subsequent convictions was improper.   *Id.* at ¶ 1, 2.   After the matter was submitted to this court by newly appointed counsel, we determined that the search was proper.   *Id.* at ¶ 2.   However, we reversed and vacated the sentences and remanded the matter for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.   *Id.*

{¶ 6} In 2007, we granted Holloway's application to reopen his appeal based upon a claim of ineffective assistance of appellate counsel. *State v. Holloway*, 2d Dist. Clark No. 04CA70, 2008-Ohio-2240, ¶ 1 (*Holloway II*). Specifically, Holloway alleged that appellate counsel had been ineffective for failing to raise trial counsel's failure to object to certain hearsay testimony at trial. *Id.* at ¶ 3. We sustained Holloway's assignment of error and reversed his conviction and sentence on the two drug possession offenses in Case No. 2004-CR-586. *Id.* at ¶ 15.

{¶ 7} At Holloway's re-sentencing hearing in 2010, the trial court recited the procedural history of the case. Holloway and his trial counsel then made the following statements:

DEFENSE COUNSEL: Well, Your Honor, as I had indicated to the defendant, I didn't learn I was expected to be here until this morning. We never represented this defendant on this case.

We were removed due to a conflict of interest in the very beginning before the case had any hearings or trial. I believe that's a correct recitation of the facts in this case. I believe the two drug cases were reversed by the Court of Appeals. Other than that I don't have any real working knowledge of this case.

I explained that to the defendant, and that's where we stand here today. I wouldn't be able to add anything to that.

THE COURT: All right. Is there anything you'd like to say to the Court at this time, Mr. Holloway?

THE DEFENDANT: I was incarcerated in '04, so I've been down for almost six years, counting county time. And the offenses that I was charged with

and the sentence was imposed, a greater sentence because of all the charges that I had trumped up against me; and since the Court of Appeals dropped some of them charges, I feel like today some of the time should be taken back away because my sentence was imposed for a greater sentence because of all the charges that I was charged with.

Like I said, this is my first time in prison so basically, my behavior in prison has been outstanding. It's been all right. I haven't been in any trouble. That's all.

**{¶ 8}** The trial court then proceeded to sentence Holloway to the same terms of imprisonment as previously imposed, except that the prison time imposed for the two drug convictions that were reversed was subtracted from the total prison term. Also, the trial court added a requirement that the sentences imposed in the two cases run consecutively to a 17-month sentence imposed in a separate case that had been before a different judge. Holloway appealed.

**{¶ 9}** In December 2010, pursuant to an order from this court, the trial court amended the sentencing entries to include language regarding post-release control. Appellate counsel was appointed, and this appeal proceeded, including within its scope both the May and December 2010 sentencing entries. Appellate counsel filed a brief pursuant to *Anders*. In November 2012, this court determined that Holloway had not received effective assistance of appellate counsel and new counsel was appointed.

**{¶ 10}** Holloway's new counsel filed an appellate brief in February 2013. Thereafter, the State filed a notice of conceded error pursuant to Local Rule 2.24. The State conceded that Holloway's convictions for Trafficking in Crack Cocaine and Possession of Crack Cocaine

charged in Case No. 2004-CR-527 should have been merged for purposes of sentencing, because they involved the identical pieces of crack cocaine. The State did not address the remaining issues raised by Holloway.

{¶ 11}   In a Decision and Entry dated April 19, 2013, we stated that we "decline to treat this appeal as a conceded-error case," finding that Holloway's appellate brief raised issues that were not rendered moot by the concession of error on the issue of merger. We further granted the State time in which to submit a brief on the remaining issues, and Holloway was granted time in which to file a reply brief.   This appeal is now before us for decision.

### II.   At the Re-Sentencing Hearing on Remand, the Record
### Reflects that Trial Counsel's Professed Lack of Familiarity
### with the Case Did Not Likely Affect the Outcome of the Hearing

{¶ 12}   Holloway's First Assignment of Error states:

HOLLOWAY WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL DURING SENTENCING, OR IN THE ALTERNATIVE, WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND THE COURT ABUSED ITS DISCRETION BY PROCEEDING WITH SENTENCING.

{¶ 13}    Holloway contends that he was denied the effective assistance of counsel and his right to counsel when the trial court proceeded with sentencing despite the fact that the attorney appointed to represent Holloway professed, in court, that he was not familiar with the case.

{¶ 14}   Holloway's counsel accompanied his statement that he was not familiar with the

case with a statement that he had explained this to Holloway. This was said in Holloway's presence at the sentencing hearing, just before Holloway addressed the trial court on his own behalf. Holloway did not complain to the trial court concerning his trial counsel's unpreparedness, nor did he express any dissatisfaction with his trial counsel's performance, either then, or at any time until now.

{¶ 15} Immediately following his trial counsel's statement, Holloway addressed the trial court, arguing that because we had reversed some of his convictions, the trial court should reduce the total sentence accordingly. The trial court, which was well acquainted with the case on remand for re-sentencing, accommodated Holloway's request, reducing his total sentence by the amount of time he was sentenced to prison for the convictions that we reversed.

{¶ 16} To reverse a conviction, or sentence, based upon a claim of ineffective assistance of counsel, an appellate court must find, based on the record, both that trial counsel's representation was deficient, and that the defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984).

{¶ 17} In the particular circumstances of this case – a resentencing hearing on remand at which the trial court acceded to the defendant's suggestion on the appropriate sentence – we conclude that trial counsel's lack of familiarity with the case, which was known to Holloway, and concerning which Holloway did not complain, did not likely affect the outcome of the proceeding. This conclusion is based upon our review of the record on appeal; if there are circumstances not reflected in the record that might support a conclusion that trial counsel's lack of familiarity with the case did likely adversely affect Holloway's sentence, this might be an

appropriate subject for a petition for post-conviction relief.

{¶ 18}  Holloway's First Assignment of Error is overruled.

**III.   As the State Concedes, Holloway's Convictions for Trafficking in Crack Cocaine and for Possession of Crack Cocaine Should Have Been Merged; Otherwise, the Sentence Does Not Constitute an Abuse of Discretion**

{¶ 19}  Holloway's Second Assignment of Error provides as follows:

THE TRIAL COURT ERRED AND THE SENTENCES ARE CONTRARY TO LAW, FURTHER IT WAS AN ABUSE OF DISCRETION TO ORDER CONSECUTIVE SENTENCES ON THE DEFENDANT'S CONVICTIONS.

{¶ 20}  Holloway contends that the trial court erred by failing to merge the convictions for Trafficking in Crack Cocaine and Possession of Crack Cocaine in Case No. 2004-CR-527. In support, he argues that the charges involved the identical pieces of crack cocaine.  Holloway further contends that the trial court failed to consider the factors set forth in R.C. 2929.11, 2929.12 and 2929.13 prior to ordering consecutive sentences.  He asks that this court amend the sentence due to the "gross loss of time due to ineffective counsel and the inability of the trial court to follow the directions of this court effectively."

{¶ 21}  We begin with the issue of merger.  When the police encountered Holloway, they found crack cocaine in his pants during a search incident to arrest.  That crack cocaine formed the basis for the charges of Trafficking in Crack Cocaine and Possession of Crack Cocaine.  As noted above, the State concedes error on this issue.  Thus, we conclude that the

trial court erred by failing to merge the two counts involving crack cocaine.

{¶ 22} We next turn to the issue of consecutive sentences. When reviewing a felony sentence, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to decide whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard. *Id.* The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary or unconscionable. *Hufman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 23} A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing, which "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). Because this sentence was imposed in 2010, prior to the enactment of Am.Sub.H.B. No. 86, which requires judicial fact-finding for consecutive sentences, the trial court was not required to "make any findings or give its reasons for imposing [a consecutive sentence.]" *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. However, the trial court was required to consider the statutory policies that apply to felony offenses. *State v. Mathis*, 109

Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

**{¶ 24}** In the May 25, 2010 sentencing entries for the two cases, the trial court stated:

The Court considered the record, oral statements of counsel, the defendant's statement, the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

**{¶ 25}** The sentence imposed upon Holloway is within the applicable statutory ranges for the offenses. Holloway showed no remorse, and he committed the offenses in Case No. 04-CR-586 while under indictment for the offenses in Case No. 04-CR-527. We conclude that the trial court's decision to impose consecutive sentences was not an abuse of discretion. Holloway's argument that the trial court erred by imposing consecutive sentences is without merit.

**{¶ 26}** We decline Holloway's request to amend his sentence without remanding this cause to the trial court for resentencing. Upon remand, the State has the right to elect which offense – Trafficking in Crack Cocaine or Possession of Crack Cocaine – it wishes to survive the merger for sentencing purposes. As the State notes in its brief, at his resentencing Holloway will be subject to the provisions of 2011 Ohio H.B. 86 and the provisions of R.C. 2925.11 as amended by 2011 H.B. 64 and 2012 H.B. 334.

**{¶ 27}** Holloway's Second Assignment of Error is sustained in part.

## IV.  Conclusion

**{¶ 28}** Holloway's Second Assignment of Error being sustained in part, his sentences for

Trafficking in Crack Cocaine and Possession of Crack Cocaine  in Case No. 2004-CR-527 are Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for resentencing in accordance with this opinion.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

David A. Wilson
Lisa Fannin
Jeremy M. Tomb
Hon. Douglas M. Rastatter